[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Darian Lattimore appeals his convictions for aggravated robbery, with a firearm specification, and for kidnapping. Lattimore had entered pleas of guilty to these offenses in exchange for the state's dismissal of a charge of robbery. The trial court imposed an agreed sentence of twelve year's incarceration.
Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, Lattimore's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Lattimore's appeal. Appellate counsel has communicated his conclusion to Lattimore and has moved this court for permission to withdraw as counsel. See id. at 744, 87 S.Ct. at 1400. Counsel has received a letter from Lattimore in which he has raised three issues in support of his appeal, see id., and has paradoxically included these in his brief under captions for assignments of error. These captions do not, however, alter the "no error" nature of this appeal. SeeState v. Burgess (May 2, 2001), Hamilton App. No. C-000629, unreported, fn. 1.
Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. Seeid.; see, also, Freels v. Hills (C.A.6, 1988), 843 F.2d 958. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Lattimore. The record reflects that the trial court, pursuant to Crim.R. 11(C), scrupulously ensured that Lattimore's pleas were made knowingly and voluntarily, and the agreed sentence is "not subject to review" pursuant R.C. 2953.08(D). We, therefore, overrule counsel's motion to withdraw from his representation of Lattimore and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there are no reasonable grounds for this "no error" appeal. But, because of Sampson's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.